IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHAD J. SCHWARZ** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**WEST BEND MUTUAL INSURANCE** )<br>**COMPANY,** )<br>)<br>**Defendant.** ) | Case No. 21-cv-946-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Chad J. Schwarz filed a Petition in the Circuit Court of St. Clair County, Illinois, seeking the appointment of an appraisal umpire to resolve an insurance claim. West Bend Mutual Insurance Company ("West Bend") removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 1). Schwarz's Motion to Remand (Doc. 9), which West Bend opposes (Doc. 10), is now pending. For the following reasons, the motion is **DENIED**.

In the Petition, Schwarz alleges a dispute between the parties relative to his insurance claim for property loss at 11 Brandonwood Drive located in O'Fallon, Illinois (Doc. 1-1). When the parties failed to agree on the amount of Schwarz's loss, West Bend invoked the insurance policy's appraisal process, which states in relevant part:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located…

(Doc. 1-1). The parties both appointed appraisers who attempted to agree on an umpire but were unsuccessful. Pursuant to the policy, Schwarz filed an action in state court, requesting the court to select an umpire. The removal of the case followed.

"A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). In this case, West Bend invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332, which requires both diversity of citizenship and an amount in controversy exceeding $75,000. Removal is proper only if the amount in controversy exceeded $75,000 on the date of removal. *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002).

West Bend alleges that the parties are of diverse citizenship and that Schwarz has claimed loss and damages in the amount of $1,015,646.30 (for which West Bend has made payments totaling $369,307.52). Schwarz argues to no avail that West Bend has not established the requisite amount in controversy by a preponderance of the evidence. The notice of removal need only contain a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553-554 (2014). West Bend has met its burden.

Accordingly, the Motion to Remand (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** April 6, 2022

**STACI M. YANDLE**
**United States District Judge**